

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

CYNTHIA DUMAS,

    **Plaintiff,**

v.

EQUIFAX INFORMATION SERVICES, LLC,  Civil Case No. 1:13CV970
                 LO/IDD

SERVE:  Corporation Service Company, Reg. Agent
     Bank of America Center, 16th Floor
     1111 East Main Street
     Richmond, VA  23219
and

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:  David N. Anthony, Registered Agent
     1001 Haxall Point
     Richmond, VA  23219
and

TRANS UNION, LLC,

SERVE:  Corporation Service Company, Reg. Agent
     Bank of America Center, 16th Floor
     1111 East Main Street
     Richmond, VA  23219

and

SUBURBAN CREDIT CORPORATION,

SERVE:  NEIL BINGAMAN
     6142 Franconia Road
     PO BOX 30640
     Alexandria, VA 22310

and

AFNI, INC.,
Ronald L. Greene, President

**404 Brock Drive**
**Bloomington, IL 61701**

**SERVE:**      **Secretary of the Commonwealth**
                        **Service of Process Department**
                        **Post Office Box 2452**
                        **Richmond, VA 23218-2452**

                        **Defendants.**

## COMPLAINT

The Plaintiff, CYNTHIA DUMAS, (hereinafter, "Plaintiff"), by counsel, and for her Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against all the Defendants pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA") and for actual and statutory damages, costs and attorneys' fees against Defendant AFNI, Inc. brought pursuant to 15 U.S.C. § 1692 *et seq.* (Fair Debt Collection Practices Act or "FDCPA").

## JURISDICTION

2.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.      The Plaintiff, CYNTHIA DUMAS ("Ms. Dumas" or "Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

2

5.      Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

8.      Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9.      Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11.     Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

12.     Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

14.     Upon information and belief, SUBURBAN CREDIT CORPORATION (hereafter "Suburban") is a Virginia corporation with a principal office located at 6142 Franconia Road, Alexandria, Virginia, 22310. Suburban's business focuses on the collection of debts and at all times relevant hereto was a "furnisher" as governed by the FCRA.

15.     Upon information and belief, AFNI, Inc. ("AFNI") is a corporation organized under the laws of Indiana and whose sole purpose is the collection of consumer debts. At all times relevant hereto, AFNI was a "debt collector" as governed by the FDCPA and a "furnisher" as governed by the FCRA.

## FACTS

16.     On or around December 1, 2012, Plaintiff received seven separate letters from AFNI. Each letter indicated that the Plaintiff was delinquent on an obligation to Verizon.

17.     Although the seven letters were dated the same day, each letter pertained to a different account and contained a different amount allegedly owed by the Plaintiff.

18.     To that end, AFNI's letters indicated that Plaintiff owed $2,176.43, $47.96, $91.59, $68.98, $71.67, $63.38 and $56.21. Each amount allegedly owed by the Plaintiff was listed on a different account number.

4

19.     Plaintiff never opened the accounts identified in the letter, nor authorized anyone to open the accounts on her behalf.

### AFNI is a Debt Collector

20.     AFNI is a debt collection company whose practice is focused on the collection of debts.

21.     AFNI regularly collect consumer debts.

22.     AFNI regularly demands payment from consumers of claimed delinquencies and acquires delinquent consumer accounts for the sole purpose of collecting the underlying debt.

23.     AFNI regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure"). Each of the seven letters did so as to the Plaintiff.

24.     AFNI regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

### Plaintiff Disputes the AFNI Accounts

25.     After receiving the AFNI's letters, Plaintiff obtained a copy of her credit reports from Trans Union, Experian, and Equifax. To her dismay, all three credit bureaus were reporting the derogatory and inaccurate AFNI accounts on her credit report.

26.     To make matters worse, Equifax was also reporting an account in collections with Suburban which she had paid in full to the original creditor.

5

27.     On or about December 4, 2012, Plaintiff sent a credit dispute letter to Equifax, Experian and Trans Union explaining that the AFNI accounts did not belong to her. Plaintiff's dispute letter further explained that she was a current Verizon customer so it should be easy to verify which accounts belonged to her.

28.     In her letter to Equifax, Plaintiff further explained that she paid the original creditor of the Suburban account in full and was never legally responsible to pay the additional $165 sought by the original creditor. In fact, the original creditor even tried to sue Plaintiff in the Fairfax County General District Court on this account, but Plaintiff successfully defended herself. Plaintiff further enclosed paperwork obtained from the Fairfax County General District Court reflecting the disposition of the civil hearing in her favor.

29.     On or about December 14, 2012, Equifax provided its Investigation Results to Plaintiff, which indicated that Equifax "verified" that four of the derogatory AFNI accounts were "reported correctly." Equifax's Investigation Results further indicated that Equifax "verified" that the Suburban account was "reported correctly."

30.     Neither Experian nor Trans Union responded to Plaintiff's December 4, 2012 letter which were delivered by certified mail return receipt requested.

31.     The tracking number and return receipt confirm that Trans Union received Plaintiff's dispute letter on December 6, 2012. Nevertheless, Trans Union did not provide any response whatsoever.

32.     The tracking number and return receipt confirm that Experian received Plaintiff's dispute letter on December 12, 2012. Nevertheless, Experian did not provide any response whatsoever.

6

33.     Plaintiff sent a follow-up dispute letter to Equifax on February 19, 2013, once again disputing the AFNI and Suburban accounts reflected in her credit reports. In this letter, Plaintiff included a copy of her previous disputer letter and another copy of the paperwork obtained from the Fairfax County General District Court reflecting the disposition of the civil hearing in her favor.

34.     Plaintiff also sent a follow-up dispute letter to Trans Union and Experian on February 19, 2013. In this letter, Plaintiff explained that she did not receive any correspondence from Trans Union or Experian in response to her December 4, 2012 dispute letter. Plaintiff further enclosed the December 4, 2012 letter and once again requested Trans Union and Experian to conduct a proper investigation.

35.     On or about February 27, 2013, Equifax provided its Investigation Results to Plaintiff's follow-up dispute letter, which indicated that three of the previously verified AFNI accounts were not currently reporting on the Plaintiff's credit file. The Investigation Results also indicated that Equifax verified that the remaining AFNI account was reporting correctly. Similarly, the Investigation Results also indicated that the Suburban account was reporting correctly.

36.     On or about March 4, 2013, Experian provided its Investigation Results to Plaintiff, which indicated that five of the AFNI accounts were no longer on her file. The Investigation Results further indicated that Experian verified that one AFNI account belonged to the Plaintiff.

37.     On or about March 5, 2013, Trans Union provided its Investigation Results to Plaintiff, which indicated that the accounts identified in her dispute letters were no longer

appeared on her Trans Union credit report. After receiving this letter, Plaintiff obtained a copy of her Trans Union credit report to verify that the AFNI accounts were removed.

38.     Plaintiff's credit report with Trans Union confirmed that Trans Union provided her credit report to five different entities between December 4, 2012 and February 25, 2013. Upon information and belief, the credit reports provided to these entities contained one or more of the disputed AFNI accounts.

39.     Plaintiff sent a follow-up dispute letter to Equifax on March 22, 2013, once again disputing the AFNI and Suburban accounts reflected in her credit reports. In this letter, Plaintiff included a copy of her previous dispute letters and the enclosure from the Fairfax County General District Court reflecting the disposition of the civil hearing in her favor.

40.     Similarly, Plaintiff also sent another letter to Experian on March 22, 2013, once again disputing the inaccurate and derogatory AFNI account within her credit file.

41.     Both Experian and Equifax responded to the March 22, 2013 follow-up letter, but neither corrected its inaccurate reportings.

42.     These reportings were false. Plaintiff never opened the AFNI accounts with the original creditor, nor authorized anyone to open the accounts on her behalf. Moreover, Plaintiff paid the original creditor for the Suburban account as required by her health insurance plan and the Fairfax County General District Court agreed.

43.     Experian, Equifax, and Trans Union have knowledge that debt collection companies such as AFNI and Suburban often result in inaccurate credit reporting because of the lack of systems, procedures, and protocols to ensure accurate credit reporting of the transferred debt.

44.     Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file.

45.     Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

46.     On numerous occasions, Defendants Equifax, Experian and Trans Union furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information regarding the AFNI and Suburban accounts.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (*EQUIFAX, EXPERIAN and TRANS UNION*)

47.     Plaintiff reiterates and incorporates the allegations above as if fully set out herein.

48.     Defendants, Equifax, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

49.     As a result of the conduct, actions and inactions of each of the Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

50.     Equifax, Experian and Trans Union's conduct actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

51.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(1)
### (EQUIFAX, EXPERIAN, TRANS UNION)

52.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

53.     Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

54.     As a result of the conduct, actions and inactions of the Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

55.     Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

56.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)(A)
### *(EQUIFAX, EXPERIAN AND TRANS UNION)*

57.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

58.     Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide AFNI and/or Suburban with all the relevant information regarding Plaintiff's disputes.

59.     As a result of the conduct, actions and inactions of the Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

60.     Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants, Equifax, Experian and Trans Union were negligent entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

61.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### *(EQUIFAX, EXPERIAN AND TRANS UNION)*

62.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

63.     Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

64.     As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:   credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

65.     Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants, Equifax, Experian and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

66.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### *(EQUIFAX, EXPERIAN AND TRANS UNION)*

67.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

68.     Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

69.     As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

70.     Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants, Equifax, Experian and Trans Union were negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

71.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (AFNI & SUBURBAN)

72.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

73.     On one or more occasions within the past two years, by example only and without limitation, AFNI and Suburban violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

74.     When the Plaintiff mailed her disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as AFNI and Suburban.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

75.     When Equifax, Experian or Trans Union receives a consumer dispute, it (usually via an Indian outsource vendor) translates that dispute into an "ACDV" form.

76.     Upon information and belief, the ACDV form is the method by which AFNI and Suburban have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

77.     On information and belief, the Plaintiff alleges that to date AFNI and Suburban have never complained to the CRAs about the amount of information they receive regarding a consumer dispute through the e-Oscar system or through ACDVs.

78.     If AFNI or Suburban receive a consumer dispute ACDV form, they are aware that they may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

79.     Based on the manner in which Equifax, Experian and Trans Union responded to the Plaintiff's disputes, representing that AFNI and/or Suburban had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Equifax, Experian and Trans Union did in fact forward the Plaintiff's disputes via an ACDV.

80.     Both AFNI and Suburban understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus.

81.     When AFNI and Suburban received the ACDV from the credit reporting agencies, they as well could have reviewed their own system and previous communications with the Plaintiff and discovered additional substance of the Plaintiff's dispute.

82.     Notwithstanding the above, AFNI and Suburban follow a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all AFNI and Suburban do is review its own internal computer screen for the account and repeat back to the ACDV system the same information that they already had reported to the CRAs.

83.     When either AFNI or Suburban receive a consumer dispute through e-Oscar, they does not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

84.     As a result of AFNI and Suburban's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

85.     The violations by both AFNI and Suburban were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

86.     The law in this District, the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

87.     AFNI and Suburban were aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding the Plaintiff's dispute.

88.     On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that AFNI and Suburban intended their employees or agents to follow.

89.     On information and belief, the Plaintiff alleges that AFNI and Suburban's employees or agents did not make a mistake (in the way in which he or she followed their procedures) when he or she received, processed and responded to the CRAs' ACDVs.

90.     On information and belief, the Plaintiff alleges that neither AFNI nor Suburban have materially changed its FCRA investigation procedures after learning of their failures in this case.

91.     In the alternative, AFNI and Suburban were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

92.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from AFNI and Suburban in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (*AFNI & SUBURBAN*)

93.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

94.     On one or more occasions within the past two years, by example only and without limitation, AFNI and Suburban violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

95.    As Plaintiff detailed in Count Six, AFNI and Suburban have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

96.    Both AFNI and Suburban are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

97.    Neither AFNI nor Suburban contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

98.    AFNI understood the Plaintiff's disputes and that the accounts did not belong to her.

99.    Similarly, Suburban understood Plaintiff's disputes that she was not obligated to pay the $165 to the original creditor and, in fact, the Fairfax County General District Court also ruled in her favor.

100.    Nevertheless, AFNI and Suburban ignored such information and instead simply regurgitated the same information it had previously reported to the CRAs.

101.    As a result of AFNI and Suburban's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

102.    The violations by AFNI and Suburban were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, AFNI and Suburban were negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

17

103.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from AFNI and Suburban in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (*SUBURBAN*)

104.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous two Counts).

105.    On one or more occasions within the past two years, by example only and without limitation, Suburban violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Suburban's representations within Plaintiff's credit files with Equifax, Experian and Trans Union without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

106.    Specifically, Suburban failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

107.    On information and belief, the Plaintiff alleges that Suburban rarely if ever adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

108.    Furthermore, Suburban knew that the Plaintiff disputed the subject account because she had previously disputed the debt directly to original creditor on numerous occasions, including successfully defending a lawsuit by the original creditor in Fairfax County General District Court.

109.   The Plaintiff's disputes were bona fide as reflected by the civil disposition history, which reflected judgment in favor of the Plaintiff.

110.   As a result of Suburban's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

111.   The violations by Suburban were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.   Suburban was aware of the *Saunders v. B.B. and T*, FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

113.   On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Suburban intended its employees or agents to follow.

114.   On information and belief, the Plaintiff alleges that Suburban's employee(s) or agent(s) did not make a mistake (in the way in which he or she followed Suburban's procedures) when he or she received, processed and responded to the CRAs' ACDVs and did not include the XB code in the CCC field.

115.   On information and belief, the Plaintiff alleges that Suburban has not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

116.   In the alternative, Suburban was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

117.   Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Suburban in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e
#### (*AFNI*)

118.   Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

119.   AFNI violated 15 U.S.C. § 1692e, e(2), e(10) and/or e(14) by falsely indicating that the Plaintiff was obligated to pay monies on the accounts identified in its letters.

120.   As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## COUNT TEN: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f
#### (*AFNI*)

121.   Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

122.   AFNI violated 15 U.S.C. § 1692f(1) through its attempt to collect amounts not permitted by law.

123.   As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for prejudgment and

post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**CYNTHIA DUMAS**

By _____
                    Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

*Counsel for Plaintiff*

21